IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAREE MEYERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-1677 |
| | ) | |
| EDWARD D. JONES & CO., L.P. | ) | JURY TRIAL DEMANDED |
|     Serve: | ) | |
|     CT Corporation System | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, MO 63105 | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

Comes now ShaRee Meyers, by and through her undersigned counsel, and hereby brings a Complaint for discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act of 2008 ("ADA"). In support thereof, Ms. Meyers states as follows:

## INTRODUCTION

1. Ms. Meyers brings this action against Defendant Edward D. Jones & Co., L.P. because of its failure to provide her with reasonable accommodations, as required by the ADA, upon her return from supplemental medical leave in February 2019.

2. Plaintiff seeks damages in an amount to be determined; compensatory and punitive damages; attorneys' fees, costs, and interest; and any other relief that this Court deems just and proper.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under Title I of the ADA, a federal statute creating rights, privileges, and a private cause of action.

4. Venue is appropriate in this Court, as the cause of action arises from events that occurred in Saint Louis County, Missouri, where all parties are located, and which is within the Eastern District of Missouri.

## PARTIES

5. Ms. Meyers, a resident of Florissant, Missouri, worked as an Operations Specialist II for Defendant from May 2017 through November 2018. Her primary diagnosis of multiple sclerosis substantially limits several of her major life activities, qualifying her as a person with a disability under the ADA.

6. Defendant is a financial services firm headquartered in Saint Louis, Missouri, with over 13,000 offices and 47,000 employees throughout the United States.

## STATEMENT OF FACTS

7. During the time of Ms. Meyers's employment with Defendant, the company was aware of the substantial limitations caused by her multiple sclerosis and agreed to several modifications so that she could perform the essential functions of her position.

8. Ms. Meyers's position with Defendant involved processing insurance claims, sitting at a desk for eight-hour shifts with at least two breaks, and occasional overtime.

9. Defendant has written Nondiscrimination and ADA policies. The ADA Policy outlines its process for requesting reasonable accommodations.

10. Ms. Meyers first requested medical leave from Defendant's human resources department ("HR") in September 2018. She used approximately one week of sick time, followed by FMLA leave until November 2018.

11. HR granted Ms. Meyers additional supplemental medical leave from November 2018 through February 2019, when Ms. Meyers requested to return to her position.

12. After Ms. Meyers submitted a Reasonable Accommodation Request to HR on or about February 8, 2019, HR notified her that her position was no longer available, requiring her to apply for open positions within the company.

13. Ms. Meyers applied for multiple positions with Defendant in March and April 2019, but Defendant did not extend any offers of employment.

14. HR provided Ms. Meyers with additional administrative leave until on or about April 18, 2019, when HR terminated her employment.

15. Following her termination, Ms. Meyers worked gig jobs until locating a temporary position with her current employer around June 2019. Ms. Meyers's temporary position became permanent around October 2019.

16. Ms. Meyers's current hourly rate of pay is approximately $1.00 less than her hourly rate as an Operations Specialist II with Defendant.

17. Ms. Meyers's health insurance coverage terminated with her employment in April 2019.

18. The financial hardship caused by Ms. Meyers's termination by Defendant required her to seek counseling and psychiatric care.

19. In September 2019, Ms. Meyers specifically requested of Defendant that HR, an ADA team, or a talent acquisition specialist, assist her with locating and applying for positions

within the company for which she was qualified.  Defendant purportedly agreed to provide this assistance, but made little effort to do so until December 2019.

20. Ms. Meyers applied for several positions with Defendant from September through December 2019 and submitted three applications between January 29 and February 18, 2020. Despite Ms. Meyers's impression that her interviews went well, Defendant did not extend any offers of employment.

21. Ms. Meyers submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") on or about December 4, 2019.  Defendant responded to the merits of the charge on or about February 3, 2020.

22. The EEOC closed its file on Ms. Meyers's charge and issued a Notice of Suit Rights on August 28, 2020.

## COUNT I

## Violation of Americans with Disabilities Act

23. Ms. Meyers re-alleges and incorporates by reference the allegations of Paragraphs 1 through 22 of the Complaint.

24. The ADA, 42 U.S.C. § 12112, prohibits covered entities from discriminating against qualified individuals on the basis of disability.  Such discrimination includes the failure to make reasonable accommodations to the known limitations of the individual unless the covered entity can demonstrate that the accommodation would impose undue hardship.

25. Ms. Meyers is, and was at all times material hereto, a person with a record of a physical and/or mental impairment that substantially limits several major life activities, or a person with a disability under 42 U.S.C. § 12102.

26. With reasonable accommodations, Ms. Meyers would have been able to perform all of the essential functions of available and vacant employment positions with Defendant.

27. Defendant is, and was at all times material hereto, an employer with fifteen or more employees, or a covered entity under 42 U.S.C. § 12111.

28. Defendant was aware of Plaintiff's disability at the time of its failures to make reasonable accommodations to her known limitations.

29. Defendant failed to make the following reasonable accommodations for Ms. Meyers: permitting Ms. Meyers to return to her position as an Operations Specialist II upon her return from supplemental medical leave; reassigning her to a vacant position if her former position was unavailable; and engaging in the interactive process with her to determine which vacant positions were suitable.

30. Holding Ms. Meyers's position open from August 2018 through February 2019 would not have caused significant difficulty or expense for a company of Defendant's size and resources.

31. Providing the foregoing requested reasonable accommodations to Ms. Meyers would not have imposed an undue financial or administrative burden on Defendant, and would not have required a fundamental alteration in the nature of Defendant's business operations.

32. When former positions are no longer available to employees with disabilities, reassignment to a vacant position is a reasonable accommodation.

33. Under the ADA, reassignment required Defendant to identify alternative positions by matching Ms. Meyers's knowledge, skills, and abilities to the legitimate requirements for other positions within the company, yet Defendant refused and failed to meet those requirements, in violation of the ADA.

34. Defendant made no effort to reassign Ms. Meyers and, instead, placed the burden on her to identify alternate positions and required her to compete with other applicants for those positions, in violation of the ADA.

35. As a large employer, Defendant had an obligation under the ADA to engage in an interactive process with Ms. Meyers regarding reassignment.  However, Defendant failed to identify alternate positions or assist Ms. Meyers with the internal application procedure until December 2019, in violation of the ADA.

36. Defendant's foregoing violations of the ADA, and termination of Ms. Meyers's employment, constitute adverse employment actions, which directly and proximately caused and contributed to cause monetary and compensatory damages to Ms. Meyers as alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Meyers prays that this Court enter judgment on Count I in favor of Plaintiff and against Defendants for damages in an amount the jury determines to be fair and reasonable, together with compensatory and punitive damages, attorney's fees and costs, any interest which has accrued thereon as of the date of this Complaint, any prejudgment interest from and after the date of this Complaint, and for any other relief that this Court deems just and proper.

Respectfully Submitted,

/s/ Vincent K. Heitholt
Vincent K. Heitholt, # 68129MO
Tom Pirmantgen, #52384MO
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9591; (314) 785-1707 fax
vincent.heitholt@mo-pa.org